IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION


| | | |
|---|---|---|
| ROBERT CHARLES BECKEOR, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 2:04-CV-0214 |
| | § | |
| DOUGLAS DRETKE, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| | § | |
| Respondent. | § | |


**REPORT AND RECOMMENDATION**
**TO DENY PETITION FOR A WRIT OF HABEAS CORPUS**

Before the Court is a Petition for a Writ of Habeas Corpus by a Person in State Custody filed

by petitioner ROBERT CHARLES BECKEOR.  By his habeas application, petitioner challenges an

April 2, 2004 prison disciplinary proceeding wherein petitioner was found guilty of committing a

disciplinary offense, and was punished with the forfeiture of 10 days previously accrued good time

credits.[1]  For the reasons hereinafter set forth, it is the opinion of the undersigned United States

Magistrate Judge that petitioner's petition for a writ of habeas corpus should be DENIED.


I.
PETITIONER'S ALLEGATIONS

Petitioner contends his federal constitutional rights were violated with regard to the

---

[1]Other punishment with which petitioner was assessed constituted changes in the conditions of petitioner's
confinement and does not implicate the Due Process Clause of the United States Constitution.  *See Sandin v. Conner*, 515 U.S.
472, 478, 115 S.Ct. 2293, 2297 (1995); *Madison v. Parker*, 104 F.3d 765, 767 (5th Cir. 1997).

disciplinary proceeding in Case No. 20040207474 in the following respects:

1.     Petitioner was denied due process because his disciplinary hearing was not held within seven (7) days; and

2.     Petitioner was denied due process because the disciplinary hearing officer "failed to question staff about non-frivolous evidence."

## II.
## STATE COURT CONVICTIONS

Petitioner is in the lawful custody of the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID), as a result of a judgment and sentence out of the 181st Judicial District Court of Potter County, Texas.  In *State v. Beckeor*, No. 48,089, petitioner pleaded guilty to the felony offense of assault on a public servant and, on December 12, 2003, was sentenced to a term of imprisonment of ten (10) years.

Petitioner is also in the lawful custody of TDCJ-CID pursuant to a second judgment and sentence out of the 181st Judicial District Court of Potter County, Texas.  In *State v. Beckeor*, No. 48,088, petitioner pleaded guilty to the felony offense of unauthorized use of a motor vehicle and, on December 12, 2003, was sentenced to a term of twenty (20) months in a state jail.  Further elaboration of the specifics of petitioner's state court convictions and any post-conviction proceedings are unnecessary because, in this habeas petition, petitioner challenges only the result of the disciplinary proceeding.

## III.
## MERITS

The undersigned finds the instant habeas application should be denied on the merits. Petitioner has not shown the forfeiture of 10 days accumulated good conduct time was in violation

of the United States Constitution.  Accordingly, petitioner is not entitled to federal habeas corpus relief.

In order to prevail in a federal habeas corpus proceeding, petitioner must show his due process rights were violated during the state prison disciplinary process.  The United States Supreme Court has set out the due process to which a prisoner is entitled during a disciplinary proceeding.  In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), the Court held that while disciplinary proceedings are not part of the criminal prosecution process and, therefore, the full panoply of rights does not apply, there are certain minimal due process provisions required to be satisfied.  Those are: (1) advance written notice of the charges; (2) an opportunity to call witnesses and/or present documentary evidence when such presentation is not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the fact finder of the evidence relied upon and the reasons for the disciplinary action.

Petitioner does not specifically allege he was denied any procedural due process protections established by *Wolff* in his disciplinary proceeding.  Consequently, petitioner is not entitled to federal habeas corpus relief for any constitutional procedural deficiencies.

Petitioner argues, however, that he is entitled to federal habeas corpus relief because he was denied due process in that his disciplinary hearing was not held within seven (7) days (petitioner does not indicate what event begins the 7-day period).  Petitioner appears to be arguing he is entitled to relief because TDCJ-CID rules were not followed.  Petitioner, however, does not identify what rule, policy or procedure was not followed.[2]  Even so, this claim is not cognizable on federal

---

[2]The *Disciplinary Rules and Procedures for Offenders* requires the disciplinary hearing be held within twenty (20) days after the offender is served with notice for offenders not held in pre-hearing detention.  Section IV.C.1.  For offenders placed in pre-hearing detention, the hearing is to be held within seventy-two (72) hours of the offender's placement in detention, whenever possible.  If the hearing is not held within this time period, the reason therefor shall be set forth in the record of the

habeas corpus review.

Federal habeas corpus review is available only for the vindication of rights existing under federal law, not rights existing solely under the rules of state procedure or, as applicable in this case, administrative procedure. *See Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996) (TDCJ-ID's failure to follow its own administrative rules and regulations does not raise federal constitutional issues as long as minimum constitutional requirements are met); *see also Hernandez v. Estelle*, 788 F.2d 1154, 1158 (5th Cir. 1986) (failure of prison officials to follow their own rules does not establish a constitutional violation). Moreover, petitioner has not alleged how he was prejudiced by any failure of respondent to afford petitioner a timely hearing. Petitioner's first ground should be denied.

Petitioner also contends he is entitled to federal habeas corpus relief because the "[h]earing officer failed to question staff about non-frivolous evidence." As supporting facts, petitioner contends he "explained to hearing officer that this write-up was retaliation. Charging officers have a personal relationship. Her case was minor, he didn't like it, so he wrote me the same charge but made it a major case." This claim is without merit.

Petitioner fails to identify who he contends the hearing officer should have questioned, the "evidence" as to which the hearing officer should have questioned, or what questions the hearing officer should have posed. Petitioner also fails to indicate how the hearing officer's failure to initiate such a line of questioning harmed petitioner, or how such questioning would have benefitted petitioner by resulting in a finding that petitioner was not guilty of the offense charged or that the punishment with which he was assessed was prohibited. Petitioner asserts only a generalized

hearing. Section II.B.1.

allegation of a due process violation, without any specifics, for the Court to consider.  Moreover,

petitioner does not offer anything to substantiate or support his allegation.  Petitioner's claim is thus

conclusory, does not raise a constitutional issue for habeas review, and should be summarily

dismissed.  *See Schlang v. Heard*, 691 F.2d 796, 799 (5th Cir. 1982); *see also Blackledge v. Allison*,

431 U.S. 63, 74, 97 S.Ct. 1621, 52 L.Ed.2d 136 (1977).  Petitioner's second ground should be

denied.


IV.

RECOMMENDATION

It is the RECOMMENDATION of the United States Magistrate Judge to the United States

District Judge that the petition for a writ of habeas corpus filed by petitioner ROBERT CHARLES

BECKEOR is without merit and should be, in all things, DENIED.


V.

INSTRUCTIONS FOR SERVICE

The United States District Clerk is directed to send a file-marked copy of this Report and

Recommendation to petitioner by the most efficient means available.

IT IS SO RECOMMENDED.

ENTERED this 6th day of July 2005.


_____
CLINTON E. AVERITTE
UNITED STATES MAGISTRATE JUDGE

## \* <u>NOTICE OF RIGHT TO OBJECT</u> \*

Any party may object to these proposed findings, conclusions and recommendation.  In the event a party wishes to object, they are hereby NOTIFIED that the deadline for filing objections is eleven (11) days from the date of filing as indicated by the file mark on the first page of this recommendation.  Service is complete upon mailing, Fed. R. Civ. P. 5(b), <u>and</u> the parties are allowed a 3-day service by mail extension, Fed. R. Civ. P. 6(e).  Therefore, any objections must be <u>filed</u> **on or before the fourteenth (14th) day after this recommendation is filed**.  *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b); R. 4(a)(1) of Miscellaneous Order No. 6, as authorized by Local Rule 3.1, Local Rules of the United States District Courts for the Northern District of Texas.

Any such objections shall be made in a written pleading entitled "Objections to the Report and Recommendation."  Objecting parties shall file the written objections with the United States District Clerk and serve a copy of such objections on all other parties.  A party's failure to timely file written objections to the proposed findings, conclusions, and recommendation contained in this report shall bar an aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings, legal conclusions, and recommendation set forth by the Magistrate Judge in this report and accepted by the district court.  *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996); *Rodriguez v. Bowen,* 857 F.2d 275, 276-77 (5th Cir. 1988).